UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIELLE HENDRICKS,

                                        Plaintiff,

    v.                                                               6:23-CV-487
                                                                        (AMN/ATB)

KRYSTAL CURLEY, et al.,

                                        Defendants.
_____

DANIELLE HENDRICKS, Plaintiff, pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the court for review a complaint purportedly brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Danielle Hendricks. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis and for appointment of counsel. (Dkt. No. 2, 3).

**I.**    **IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). After reviewing her application and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

1

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although

Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff received a letter in the mail, stating that her Section 8 housing voucher was being terminated due to plaintiff's criminal activity. (Compl. at 2). The letter also stated that plaintiff's "fair hearing to dispute the termination . . . was being waived." (*Id.*). Plaintiff wrote a letter to the Section 8 program supervisor Krystal Curley informing her that the charges against plaintiff were dismissed and that plaintiff was put on a ninety-day mental health assessment. (*Id.*). Plaintiff received a letter informing her that "reports 'indicated criminal incidents of larceny, robbery and [] other complaints[.]'" (*Id.* at 3). Plaintiff alleges she was denied a hearing twice by Francis Grant and Krystal Curley. (*Id.*). She also alleges that there was "no evidence of criminal activity" to support the termination of her voucher. (*Id.*).

## DISCUSSION

### III. Fourteenth Amendment Due Process

#### A. Legal Standards

The Fourteenth Amendment provides that a state may not deprive a person of liberty or property "without due process of law." U.S. Const. amend. XIV. The Due Process Clause contains both a procedural and substantive component. Procedural due process claims concern the "adequacy of the procedure provided by [a] governmental body for the protection of liberty or property rights of an individual." *Sanchez v. Univ. of Conn. Health Care*, 292 F. Supp. 2d 385, 397 (D. Conn. 2003) (quoting *DeLeon v. Little*, 981 F. Supp. 728, 734 (D. Conn. 1997)). To successfully state a claim under Section 1983 for denial of procedural due process, a plaintiff must show that he or she (1) possessed an actual liberty or property interest, and (2) was deprived of that interest without being afforded sufficient process. *See Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004); *see also Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000) (citations omitted).

"[R]ecipients of public assistance, such as Section 8 assistance, have a protected property interest in continuing to receive such assistance." *Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergovernmental Affs.*, No. 07-CV-2243, 2007 WL 4591845, at *14 (E.D.N.Y. Dec. 26, 2007). To terminate this type of property interest, due process requires

> (1) timely and adequate notice, including the reasons for the proposed termination, (2) an opportunity to be heard at a pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses, (3) a right to be represented by counsel at the hearing, (4) a written decision, including the reasons for the determination and the evidence on which the decision maker relied, and (5) an impartial decision maker.

*Id.* at *15 (citing *Goldberg v. Kelly*, 397 U.S. 254, 266-71 (1970)); *see also Jackson v. Des Moines Mun. Hous. Agency*, No. 4:07-CV-00438, 2008 WL 10707693, at *3 (S.D. Iowa June 4, 2008) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits termination of public assistance benefits without a prior evidentiary hearing.") (citation omitted).

### B. Analysis

Here, plaintiff is alleging her Section 8 voucher was terminated without the opportunity for a hearing, despite multiple attempts by plaintiff to request a hearing.[1] Liberally construed, plaintiff's allegations raising a Fourteenth Amendment procedural due process violation are sufficient for this court to order service of the complaint on defendants Curley and Grant, and the court recommends the same

---

[1] Plaintiff is also asserting that the termination of her voucher was not supported by the required preponderance of the evidence. (Compl. at 3-4). It is impossible for the court to address the merits of these claims because there was no hearing establishing the evidence used to terminate plaintiff's voucher.

**IV.     Fair Housing Act/American Disability Act**

The Fair Housing Act ("FHA") and the American Disability Act ("ADA") impose similar anti-discrimination standards for persons who suffer from disabilities and, due to their similarities, can be analyzed "in tandem."  *See Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 573 n.4 (2d Cir. 2003), *superseded by regulation on other grounds as stated in Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 617 (2d Cir. 2016).  Under the FHA and ADA, a plaintiff "may proceed under any or all of three theories: disparate treatment, disparate impact, and failure to make reasonable accommodation."  *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48 (2d Cir. 2002), *superseded by statute on other grounds*, ADA Amendments of 2008, Pub. L. No. 110-325, 122 Stat. 3553, 3555-59 (2008).

Here, plaintiff has not sufficiently pled any claims under the FHA or ADA because she has not alleged any facts showing the defendants' actions were taken because of plaintiff's disabilities.  *Barone v. Laws.' Fund for Client Prot.*, No. 22-58, 2023 WL 1975783, at *2 (2d Cir. Feb. 14, 2023) (dismissing claims under Title II of the ADA because plaintiff's complaint did not contain "plausible allegations that either of the [d]efendants' actions were taken by reason of his PTSD, or even that they were aware of his PTSD").  In this case, although plaintiff alleges that she informed defendant Curley about her placement on a ninety-day mental health hold, plaintiff has not alleged that her voucher was terminated based on her mental health status.  (*See*

*generally* Compl.). In fact, plaintiff's allegations suggest that she received her termination notice prior to notifying Curley of her status. (*Id.*). Accordingly, the court recommends that any claims asserted by plaintiff pursuant to the ADA and/or FHA be dismissed.

V. **Municipal Liability**

    A. **Legal Standards**

A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35 (2010)), *report recommendation adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

"The existence of a municipal policy that gives rise to *Monell* liability can be established in four ways: (1) a formal policy endorsed by the municipality; (2) actions directed by the government's 'authorized decisionmakers' or 'those who establish governmental policy;' (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees[.]" *Deferio v. City of Syracuse*, 770 F. App'x 587, 590 (2d Cir. 2019) (cleaned up). "Once a plaintiff has

demonstrated the existence of a municipal policy, a plaintiff must then establish a causal connection, or an 'affirmative link,' between the policy and the deprivation of his constitutional rights." *Id.* (citing *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)); *see also Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (holding that plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged").

A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985)) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*"). "To satisfy the statute, the municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "Only then 'can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.'" *Id.* (quoting *Canton*, 489 U.S. at 389).

### B. Analysis

Plaintiff names the Urban & Economic Development department as a defendant in the caption of her complaint. (Compl. at 1). As an initial matter, the Urban &

Economic Development does not oversee the Section 8 Housing program and would not be an appropriate defendant in this action.[2]

Moreover, even assuming plaintiff had named the appropriate municipal defendant in this action, she has still failed to establish a *Monell* claim under any of the available theories. *Eslin v. Hous. Auth. of Town of Mansfield*, No. 3:11-CV-134, 2012 WL 113666, at *4 (D. Conn. Jan. 13, 2012) (dismissing Section 1983 claims against the housing authority "[b]ecause [plaintiff] has failed to allege that her federal rights were violated as a result of either the Housing Authority's official policy or custom or the actions of employees with final policymaking authority"). There is no allegation, or evidence, to suggest that plaintiff's hearing was denied pursuant to a formal municipal policy, or an informal custom or practice. (*See generally* Compl.). Nor has plaintiff alleged that other Section 8 housing recipients were also denied hearings. (*Id.*). Finally, plaintiff has not advanced any theory as to how a municipal training deficiency resulted in the violation of her constitutional rights. (*Id.*). Accordingly, this court recommends that plaintiff's claims against the Urban and Economic Development department be dismissed.

---

[2] *See Urban and Economic Development*, City of Utica, https://cityofutica.com/departments/urban-and-economic-development/index (last visited Apr. 24, 2023). The City of Utica has created a separate program devoted only to Section 8 Housing. *Section 8*, City of Utica, https://cityofutica.com/departments/section-8/index (last visited Apr. 24, 2023).

## VI. Opportunity to Amend

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Any claims based on the FHA and/or ADA should be dismissed without prejudice, with the opportunity to amend, to the extent plaintiff is asserting that her termination of section 8 benefits was motivated by her schizophrenia diagnosis and placement on a ninety-day mental hold. Additionally, plaintiff's claims against the "Urban and Economic Development" defendant should be dismissed with prejudice. If plaintiff seeks to amend her complaint to add the appropriate municipal defendant, plaintiff should include facts tending to show that the named municipal defendant has a custom, policy, or training deficiency causing termination of Section 8 vouchers without a pre-termination hearing.

## VII. Motion to Appoint Counsel

Presently before this court is an application by plaintiff for appointment of counsel. (Dkt. No. 3). Plaintiff's application indicates that she has been unsuccessful

in her efforts to obtain new counsel on her own. (*Id.*). Thus, this court may properly consider plaintiff's motion.

### A. Legal Standards

This is a civil action for damages, and unlike a criminal case, there is no constitutional right to an attorney in a civil action. *See Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 357 (S.D.N.Y. 2003) ("Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel."). Volunteer lawyers to represent pro se parties in civil cases are a very scarce resource, so the courts must necessarily be very selective about when to appoint counsel. *See, e.g.*, *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Volunteer lawyer time is a precious commodity" that must be reserved for a "deserving cause").

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit listed the factors that a court must consider when the court is determining whether to appoint counsel. The court should first determine whether the indigent's position seems likely to be of substance. If the claim or defense meets this threshold requirement, the court should then consider a number of other factors in making its determination, including the complexity of the legal issues and the indigent's ability to present the case. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

**B.     Analysis**

Plaintiff alleges that the defendants violated her Fourteenth Amendment procedural due process rights by terminating her Section 8 voucher without a pre-termination hearing. (Compl.). No determination as to the possible merit of the plaintiff's claims can yet be made because, at this early stage of the proceedings, plaintiff's claims are supported only by her complaint.

It is possible that there will be conflicting evidence implicating the need for cross-examination at the time of a possible trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899, 974 F. Supp. 972, 973 (N.D.N.Y 1995). The court would also point out that if, following motion practice, the case approaches trial readiness, the court may reconsider plaintiff's request for counsel. Finally, this court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

The court therefore finds that, based upon the existing record in this case, appointment of counsel would not be warranted at this time. The court will deny plaintiff's motion without prejudice to reconsideration, if appropriate, after discovery and other pretrial proceedings sheds more light on the possible merits of plaintiff's claims and plaintiff's ability to continue to effectively litigate this action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**, and it is

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 3), is **DENIED** without prejudice to renew as noted above; and it is

**RECOMMENDED**, that plaintiff's Fourteenth Amendment due process claim against defendants Curley and Grant survives initial review and requires a response, and it is

**RECOMMENDED**, that plaintiff's Fourteenth Amendment due process claim against the Urban and Economic Development defendant be **DISMISSED WITH PREJUDICE,** WITHOUT THE OPPORTUNITY TO AMEND, with respect of the appropriate municipal entity, and it is

**RECOMMENDED**, that plaintiff's FHA and ADA claims be **DISMISSED WITHOUT PREJUDICE**, and it is

**RECOMMENDED**, that if the District Judge adopts this recommendation, plaintiff be given forty-five (45) days to amend her complaint to the extent authorized, and that plaintiff be advised that any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERSEDE THE ORIGINAL**, and that plaintiff must include all remaining facts and causes of action in the amended complaint. No facts or claims from the original complaint may be incorporated by reference, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, and plaintiff does not elect to amend her complaint, the case be returned to me for any orders relating to service of the complaint on the remaining defendants, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, and plaintiff files a proposed amended complaint, the proposed amended complaint be returned to me for review of the amended complaint and any further orders relating to service on the defendants, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:   May 2, 2023

*[signature: Andrew T. Baxter]*
Andrew T. Baxter
U.S. Magistrate Judge