**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DANIELLE HENDRICKS,

                                        Plaintiff,                    6:23-cv-487 (AMN/ATB)

v.

KRYSTAL CURLEY, et al.,

                                        Defendants.

**APPEARANCES:**

**DANIELLE HENDRICKS**
1402 West Street
Room 5
Utica, NY 13502
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.       INTRODUCTION

On April 20, 2023, Plaintiff *pro se* Danielle Hendricks commenced this action against

Krystal Curley ("Curley"), Francis Grant ("Grant"), and Urban & Economic Development.  *See*

Dkt. No. 1.   Plaintiff filed a form civil rights complaint pursuant to 42 U.S.C. § 1983

("Complaint").  *See id.*   Specifically, Plaintiff alleges that her Section 8[1] housing voucher was

improperly terminated because, among other things, she was not afforded a pre-termination

---

[1] The Court understands Plaintiff's references to Section 8 in the Complaint to mean Section 8
Housing Assistance Payments Program of the United States Housing Act of 1937, as amended by
the Housing and Community Development Act of 1974, 42 U.S.C. § 1437f.

hearing.[2]  *Id.* at 2-3.

Plaintiff sought leave to proceed *in forma pauperis* ("IFP").  Dkt. No. 2.   Plaintiff also filed a motion for the appointment of counsel.  Dkt. No. 3.  This matter was referred to United States Magistrate Judge Andrew T. Baxter, who, on May 2, 2023, issued a Report-Recommendation and Order ("Report-Recommendation") granting Plaintiff's application to proceed IFP for purposes of initial review, denying Plaintiff's motion for the appointment of counsel, and recommending that (i) Plaintiff's Fourteenth Amendment due process claim against defendants Curley and Grant survives initial review; (ii) Plaintiff's Fourteenth Amendment due process claim against the Urban & Economic Development defendant be dismissed with prejudice without leave to amend; (iii) Plaintiff's Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") claims be dismissed without prejudice with leave to amend; and (iv) Plaintiff be given 45 days to file an amended complaint.  *See* Dkt. No. 5 at 13-14.  Magistrate Judge Baxter advised Plaintiff that under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 14.  Plaintiff has not filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*,

---

[2] For a complete recitation of Plaintiff's allegations of wrongful conduct, the parties are referred to the Report-Recommendation.  *See* Dkt. No. 5 at 3.

2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, the court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because Plaintiff has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

The Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B).[3]  *See* Dkt. No. 5 at 1-2.  Plaintiff alleges that her civil rights were violated by two individual defendants, Curley and Grant, who are Section 8 employees, and one municipal defendant, Urban & Economic Development, when her Section 8 housing voucher was terminated.  *See* Dkt. No. 1.  Magistrate Judge Baxter correctly concluded that Urban & Economic Development is not a proper defendant in this action, and should be dismissed with prejudice because it does not administer the Section 8 housing program in Utica, New York.[4]  *See* Dkt. No. 5 at 8-9.[5]  Moreover, Magistrate Judge Baxter correctly found that even

---

[3] Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998).

[4] "Section 8 of the United States Housing Act of 1937, as amended, authorizes the Secretary of the U.S. Department of Housing and Urban Development . . . to enter into contracts with state and local public housing agencies . . . to provide financial assistance to low-income individuals or families renting housing on the private rental market."  *Augusta v. Cmty. Dev. Corp. of Long Island*, No. 07-CV-0361 (JG)(ARL), 2008 WL 5378386, at *1 (E.D.N.Y. Dec. 23, 2008), *aff'd sub nom. Augusta v. Cmty. Dev. Corp. of Long Island*, 363 F. App'x 79 (2d Cir. 2010) (citations omitted).

[5] In Utica, the City of Utica Section 8 Program is the public housing authority that administers the Section 8 program.  CITY OF UTICA, https://cityofutica.com/departments/section-8/index (last

3

if Plaintiff had named the correct municipal defendant, Plaintiff has not alleged facts sufficient to establish a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).[6]  *See id.* at 7-9. Accordingly, the Court adopts Magistrate Judge Baxter's recommendation that Plaintiff's claims against Urban & Economic Development be dismissed with prejudice.

### A. Fourteenth Amendment Due Process Claim

Magistrate Judge Baxter recommended that Plaintiff's Fourteenth Amendment due process claim against defendants Curley and Grant survives initial review and requires a response.  Dkt. No. 5 at 13.

The Fourteenth Amendment forbids states from depriving any person of property without due process of law.  *See* U.S. Const. amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . ..").  "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest."  *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

First, Magistrate Judge Baxter found that Plaintiff has a protected property interest in continuing to receive Section 8 housing assistance.  *See* Dkt. No. 5 at 4-5 (citing *Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergovernmental Affairs*, No. 07–CV–2243, 2007 WL 4591845, at *14 (E.D.N.Y. Dec. 26, 2007)).  Second, Magistrate Judge Baxter found that

---

visited May 26, 2023).

[6] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), outlines the limited circumstances in which a municipality can be held liable for violations of 42 U.S.C. § 1983.  *Monell* established that a municipality can be held liable only when the "execution of a [municipality's] policy or custom . . . inflicts the injury," and not for "an injury inflicted solely by its employees or agents."  436 U.S. at 694.

certain procedural safeguards are required before Plaintiff's protected property interest in continuing to receive Section 8 rental assistance may be terminated.  *See* Dkt. No. 5 at 5.  In order to terminate Plaintiff's Section 8 rental assistance, due process requires: (1) timely and adequate notice, including the reasons for the proposed termination; (2) an opportunity to be heard at a pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses; (3) a right to be represented by counsel at the hearing; (4) a written decision, including the reasons for the determination and the evidence on which the decision maker relied; and (5) an impartial decision maker.  *See Goldberg v. Kelly,* 397 U.S. 254, 266-71 (1970)*; see also A.S. v. Been*, 228 F. Supp. 3d 315, 317 (S.D.N.Y. Jan. 23, 2017); *Junior v. N.Y.C. Hous. Pres. & Dev. Corp.*, No. 12-CV-3846 (PAC), 2013 WL 646464, at *6 (S.D.N.Y. Jan. 18, 2013); *Rios v. Town of Huntington Hous. Auth.*, 853 F. Supp. 2d 330, 338 (E.D.N.Y. 2012).

Magistrate Judge Baxter correctly concluded that the allegations in the Complaint raise a Fourteenth Amendment procedural due process violation, as Plaintiff alleges that her Section 8 voucher was terminated without the opportunity for a hearing, despite Plaintiff's multiple requests for such.  *See* Dkt. No. 5 at 5.  Accordingly, the Court adopts Magistrate Judge Baxter's recommendation that Plaintiff's Fourteenth Amendment due process claim against Curley and Grant survives initial review and requires a response.

### B.  FHA and ADA Claims

Magistrate Judge Baxter recommended that Plaintiff's FHA and ADA claims against Curley and Grant be dismissed without prejudice and with leave to amend.  *Id.* at 13.

The FHA, including the amendments thereto, and the ADA "prohibit governmental entities from implementing or enforcing housing policies in a discriminatory manner against persons with disabilities." *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003), *superseded*

*by regulation on other grounds as stated in Perricone-Bernovich v. Tohill*, 843 F. App'x 419, 420 (2d Cir. 2021) (summary order).  The FHA makes it unlawful "'[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap.'" *Perricone-Bernovich*, 843 F. App'x at 420 (quoting 42 U.S.C. § 3604(f)(1)).  Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." *Tsombanidis*, 352 F.3d at 573 (quoting 42 U.S.C. § 12132).  "To establish discrimination under either the [FHA] or the ADA, plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Martinez by Martinez v. Lexington Gardens Assocs.*, 336 F. Supp. 3d 270, 277 (S.D.N.Y. 2018) (citation and internal quotation marks omitted).

Magistrate Judge Baxter correctly concluded that Plaintiff failed to state a claim under the FHA or the ADA because she has not alleged facts sufficient to demonstrate that Curley's and Grant's actions were taken because of Plaintiff's disability.  Dkt. No. 5 at 6 (citing *Barone v. Lawyers' Fund for Client Prot.*, No. 22-58, 2023 WL 1975783, at *2 (2d Cir. Feb. 14, 2023)); *see Rosa v. Pathstone Corp.*, No. 23-CV-1071 (LTS), 2023 WL 3123032, at *1 (S.D.N.Y. Apr. 27, 2023).  Here, Plaintiff alleges that she has a schizophrenia diagnosis and was placed on a 90-day mental health hold/assessment.  Dkt. No. 1 at 3.  However, Plaintiff has alleged no facts establishing that her Section 8 voucher was terminated because of her mental health status.[7]  *See* Dkt. No. 5 at 6.  Because Plaintiff has failed to state a claim under the FHA and the ADA, the

---

[7] The Complaint suggests that Curley and Grant only became aware of Plaintiff's mental health status after Plaintiff's Section 8 housing voucher was already terminated.  *See* Dkt. No. 5 at 7 (citing Dkt. No. 1).

Court adopts Magistrate Judge Baxter's recommendation that Plaintiff's claims be dismissed without prejudice with leave to amend.[8]

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

### IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Fourteenth Amendment due process claim against defendants Curley and Grant **SURVIVES** initial review and requires a response; and the Court further

**ORDERS** that Plaintiff's FHA and ADA claims are **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff's claims against defendant Urban & Economic Development be **DISMISSED with prejudice and without leave to amend**, with respect of the appropriate municipal entity; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **FORTY-FIVE (45) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff does not file an amended complaint, the case is returned to

---

[8] District courts generally should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).  The Second Circuit has cautioned that district courts "'should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Here, an amendment would not be futile because a liberal reading of Plaintiff's Complaint suggests that she may be able to allege facts sufficient to establish a claim under the FHA and the ADA.

Magistrate Judge Baxter for any orders relating to service of the complaint on defendants Curley and Grant; and the Court further

**ORDERS** that, if Plaintiff files an amended complaint, the amended complaint is to be returned to Magistrate Judge Baxter for review and further orders relating to service on the defendants; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 26, 2023
          Albany, New York

Anne M. Nardacci
U.S. District Judge