UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIELLE HENDRICKS,

                          Plaintiff,                    6:23-cv-487 (AMN/MJK)

v.

KRYSTAL CURLEY, *et al.*,

                          Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**DANIELLE HENDRICKS**
1402 West Street
Room 5
Utica, New York 13502
Plaintiff, *pro se*

**CITY OF UTICA -**                        **ZACHARY OREN, ESQ.**
**CORPORATION COUNSEL**
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* Danielle Hendricks brings this action pursuant to 42 U.S.C. § 1983 against Krystal Curley, Francis Grant, and Urban & Economic Development (collectively, "Defendants"). *See* Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to Plaintiff's continued failure to comply with the Rule and numerous orders of the Court. *See* Dkt. No. 22.

For the reasons set forth below, the Court hereby grants Defendants' motion to dismiss for failure to prosecute and orders that Plaintiff's Complaint be dismissed without prejudice.

## II.   BACKGROUND

### A. Procedural History

On April 20, 2023, Plaintiff filed a form civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging that her Section 8[1] housing voucher was improperly terminated because, among other things, she was not afforded a pre-termination hearing. *See* Dkt. No. 1 at 2-3.[2] Plaintiff sought leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, and filed a motion seeking the appointment of counsel to represent her in this action, Dkt. No. 3. This matter was referred to Magistrate Judge Andrew T. Baxter, who, on May 2, 2023, issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP, denying Plaintiff's motion for appointment of counsel without prejudice, and recommending that (i) Plaintiff's Fourteenth Amendment due process claim against defendants Curley and Grant survive initial review; (ii) Plaintiff's Fourteenth Amendment due process claim against the Urban & Economic Development defendant be dismissed with prejudice and without leave to amend; (iii) Plaintiff's Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") claims be dismissed without prejudice and with leave to amend; and (iv) Plaintiff be given 45 days to file an amended complaint. *See* Dkt. No. 5 at 13-14. ("Report-Recommendation").[3] On May 26, 2023, this Court accepted and

---

[1] The Court understands Plaintiff's references to Section 8 in the Complaint to mean Section 8 Housing Assistance Payments Program of the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974, 42 U.S.C. § 1437f.

[2] Citations to court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[3] Magistrate Judge Baxter advised Plaintiff that under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* Plaintiff did not file objections to the

adopted the Report-Recommendation. *See* Dkt. No. 6 ("Decision and Order").

On July 20, 2023, Magistrate Judge Baxter issued a Text Order noting that the Decision and Order was mailed to Plaintiff by both certified and regular mail at her address of record, and that such was returned to the Court as undeliverable, indicating that Plaintiff was "not [t]here." *See* Dkt. No. 10. Magistrate Judge Baxter also noted Plaintiff's ongoing obligation to keep her address information updated, and that failure to provide such information is grounds for dismissal. *Id.* On July 25, 2023, counsel for Defendants submitted a status report advising the Court of his ability to accept service of the Complaint via CM/ECF for all Defendants, and requesting that the answer, Fed. R. Civ. P. 26 initial disclosures, and related Fed. R. Civ. P. 16 deadlines be stayed until the whereabouts of Plaintiff could be determined. *See* Dkt. No. 12. The same day, Magistrate Judge Baxter granted Defendants' request and stayed the case until Plaintiff updated her address with the Court. *See* Dkt. No 14.

Plaintiff did not respond in any fashion and did not update her address with the Court. As a result, on November 28, 2023, Magistrate Judge Baxter issued a Text Order granting Defendants leave to file a motion to dismiss for failure to prosecute. *See* Dkt. No. 17. The Text Order was mailed to Plaintiff's address of record but was again returned to the Court as undeliverable. *See* Dkt. No. 18. On January 5, 2024, the case was reassigned to Magistrate Judge Mitchell J. Katz who, on January 16, 2024, issued an additional Text Order granting Defendants leave to file a motion to dismiss for failure to prosecute. *See* Dkt. Nos. 19-20. Magistrate Judge Katz's Text Order was mailed to Plaintiff's last known address and also returned to the Court as undeliverable. *See* Dkt. No. 21.

---

Report-Recommendation.

### B. The Instant Motion

On March 19, 2024, Defendants filed a motion to dismiss, claiming that Plaintiff has shown a disregard for court procedures and a disinterest in prosecuting this action. *See* Dkt. No. 22. Defendants noted that "more than eight (8) months have passed without an updated address by Plaintiff," and that "it is hard to imagine how the litigation could continue without Plaintiff's participation via interlocutory service through the United States Post Office or really the ability to contact her in any manner, shape or form." *Id*. at 7, 12.

The same day, the Court mailed a letter to Plaintiff informing her that Defendants had filed their motion to dismiss and that her response was due by April 9, 2024. *See* Dkt. No. 23; *see also* Dkt. No. 24 (certificate of service indicating the motion papers were mailed to Plaintiff's address of record). Over six months have since passed, and Plaintiff has not filed a response. Thus, Defendants' motion is ripe for determination.

### III. LEGAL STANDARD

Defendants move to dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). District courts have an "inherent power" to dismiss an action based on plaintiff's failure to prosecute or comply with an order of the court pursuant to Rule 41(b). *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). However, dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations,"

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quotation omitted), especially in circumstances where a plaintiff is proceeding *pro se*, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's decision to dismiss a *pro se* complaint "only when the circumstances are sufficiently extreme"). Notwithstanding a plaintiff's *pro se* status, failure to prosecute under Rule 41(b) "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics" such as "repeated requests for continuances or persistent late filings of court ordered papers." *Lyell Theatre Corp.*, 682 F.2d at 42.

In determining whether dismissal under Rule 41(b) is warranted, courts in the Second Circuit consider the following five factors, none of which are dispositive: (1) the duration of the plaintiff's failure to comply with orders of the court; (2) whether the plaintiff received notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between the court's interest in managing its docket and plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered lesser sanctions than dismissal. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas*, 84 F.3d at 535); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

IV.   DISCUSSION

In ordering the dismissal of Plaintiff's Complaint, the undersigned is cognizant that dismissal is considered a harsh remedy, especially in an action brought by a *pro se* plaintiff. *See LeSane*, 239 F.3d at 209. However, Plaintiff has not taken any meaningful action to advance her case and has continuously failed to communicate, in any capacity, with the Court or Defendants. As such, the Court finds that all five factors considered in deciding a Rule 41(b) motion favor

dismissal.

In examining the first factor, the Court considers two inquiries: (1) whether the delays associated with the failures to prosecute were those of the plaintiff, and (2) whether the duration of these delays existed for a significant period. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d. Cir. 2001)). This action has been pending for over a year and a half and no discovery has been completed since Defendants have had no reasonable means by which to contact Plaintiff to request documents or otherwise. Plaintiff's only participation in the prosecution of this case has been to request the appointment of counsel. *See* Dkt. No. 3. As such, the delays in this case were caused by Plaintiff. *See Drake*, 375 F.3d at 255.

Although there is no "magic number" to determine whether Plaintiff's delay endured for a "significant" period, *see Ransom v. United States*, No. 1:09-CV-1272 (MAD/RFT), 2011 WL 2893067, at *5 (N.D.N.Y. July 15, 2011) (citing *Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000)), the Court notes that Northern District New York Local Rule 41.2(a) provides that "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Here, Plaintiff has not taken any action to further this litigation, despite Magistrate Judge Baxter issuing multiple Text Orders advising Plaintiff of her ongoing obligation to update her address. *See* Dkt. Nos. 10, 14, 17.

Plaintiff has been noncompliant in progressing this litigation since April 2023. *See* Dkt. Nos. 1-3; *see also Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 358 (2d Cir. 2020) ("[T]he duration of [plaintiff's] noncompliance was significant: by the time the court issued its decision, eleven months had passed since [plaintiff's] response to discovery demands was first due."). In the context of Rule 41(b) dismissals, the Second Circuit has found delays far less than this to be sufficient to support dismissal. *See, e.g., Ruzsa v. Rubenstein & Sendy Attys at Law*, 520

F.3d 176, 177 (2d Cir. 2008) (seven months); *Lucas*, 84 F.3d at 535 (thirty-nine days); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (six months).  As such, this factor weighs squarely in favor of dismissal.

Regarding the second factor, Plaintiff was, or should have been, on notice that further delay could result in dismissal.  *See Clarke v. WestRock Servs.*, No. 2:18-CV-802, 2020 WL 13664144, at *7 (E.D.N.Y. Aug. 6, 2020) ("noncompliance is willful where the party has received notice of the Court's order and repeatedly fails to comply") (citations omitted).  As discussed above, Plaintiff continuously failed to comply with Court Orders reminding Plaintiff of her obligation to update her address, despite notice from the Court that such failure could result in dismissal of the case pursuant to Rule 41.  *See* Dkt. Nos. 10, 14, 17, 20.  If for some reason petitioner did not receive actual notice of the Court's Orders either by mail or by email, responsibility for that miscommunication lies with her.  *See, e.g.*, *Terry v. City of New York*, No. 20-civ-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address"); *see also Chavis v. City of New York,* No. 17-CV-9518, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018) (collecting cases); *see also Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (dismissing despite plaintiff's non-receipt of warning of dismissal because it was "no fault of defendant's, and can only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address.").  Therefore, this factor weighs in favor of dismissal.  *See, e.g.*, *Chavis*, 2018 WL 6532865, at *3 (dismissal after two warnings); *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (dismissal after one warning).

As to the third factor, Defendants have been prejudiced as a result of Plaintiff's failure to

7

adhere to Court Orders. *See Lyell*, 682 F.2d at 43 ("[P]rejudice to defendants resulting from unreasonable delay may be presumed"). Defendants have been deprived of any information required to prepare their defense, given that Plaintiff has done nothing other than file her initiating papers. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."). Therefore, Defendants have demonstrated actual prejudice and this factor weighs in favor of dismissal.

As to the fourth factor, the Court finds that the Court's interest in managing the docket outweighs Plaintiff's interest in receiving further opportunity to be heard. *See Lucas*, 84 F.3d. at 535. A plaintiff's interest in receiving a fair opportunity to be heard is sufficiently protected where the plaintiff receives specific notice that his or her claims are in danger of dismissal and fails to act upon that notice. *See McMillan v. Bowers*, No. 9:21-CV-0889 (LEK/CFH), 2022 WL 19405935, at *4 (N.D.N.Y. Nov. 28, 2022), *report and recommendation adopted,* No. 9:21-CV-0889 (LEK/CFH), 2023 WL 2534413 (N.D.N.Y. Mar. 16, 2023) (weighing this factor in favor of dismissal where plaintiff failed to appear at a telephone conference, notify the court and all parties of any change in address, and abide by court orders and deadlines despite receiving notice that failure to do so will result in dismissal). The Court reminded Plaintiff on multiple occasions that her continued failure to participate in the action could result in dismissal of her claims. *See* Dkt. Nos. 10, 17, 20; *see also McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Therefore, this factor also weighs in favor of dismissal.

As to the final factor, the Court finds that the imposition of a lesser sanction would have

8

no effect on Plaintiff, or this litigation, given Plaintiff's repeated failure to update her address or otherwise participate in this action in any manner. *See Anthony v. Lyons,* No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1701754, at *5 (N.D.N.Y. Apr. 12, 2021), *report and recommendation adopted*, No. 9:18-CV-0849 (GLS/CFH), 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021) ("imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action") (citations omitted). This litigation has been pending since April 20, 2023, *see* Dkt. No. 1, and Plaintiff's ongoing refusal to update her address demonstrates that "there is no meaningful way to secure Plaintiff's appearance before the Court to litigate this action." *Lando v. Claudio*, No. 9:18-CV-01472 (TJM/TWD), 2022 WL 3701719, at *4 (N.D.N.Y. Apr. 21, 2022), *report and recommendation adopted*, No. 9:18-CV-01472 (TJM/TWD), 2022 WL 3701572 (N.D.N.Y. Aug. 26, 2022). Nevertheless, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is appropriate, permitting Plaintiff to bring this lawsuit at another time if and when she is prepared to diligently litigate it. *See Cintron v. Gettman*, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *3 (N.D.N.Y. May 1, 2017), *report and recommendation adopted sub nom.* No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303990 (N.D.N.Y. May 25, 2017) (recommending dismissal without prejudice after plaintiff failed to appear for two scheduled depositions).

As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal, and therefore, the Court grants Defendants' motion.

V.     **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss, Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 15, 2024
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge